UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JARED BARKLEY, )<br>           Plaintiff, )<br> )<br>v. )<br> )<br>MEDICAL DEPOT, INC. and AIRWAY )<br>OXYGEN, )<br>           Defendants. ) | CAUSE NO.: 1:18-CV-208-TLS- PRC |

## OPINION AND ORDER

This matter is before the Court *sua sponte* regarding Plaintiff's Complaint for Damages [DE 1]. The Court has an ongoing duty to police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

On July 3, 2018, Plaintiff filed his Complaint, alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Though the citizenship of Defendants is properly alleged, the Complaint alleges only that Plaintiff Jared Barkley is a "resident" of Indiana. This allegation is insufficient for the purpose of determining citizenship. Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which

depends on domicile–that is to say, the state in which a person intends to live over the long run.");
*Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Plaintiff must allege his domicile.

Next, Plaintiff has not met his burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Though Plaintiff alleges a "severe" or "catastrophic" injury to his hand, which required "significant medical treatment," Plaintiff does not adequately explain how he calculated that his "lost wages, pain and suffering, permanent disability, and medical expenses" amount to over $75,000.00.

Accordingly, the Court hereby **ORDERS** Plaintiff to **FILE** with this Court **on or before July 24, 2018**, a supplemental jurisdictional statement clarifying Plaintiff's citizenship under 28 U.S.C. § 1332(c)(2) and demonstrating that the amount in controversy exceeds $75,000.00.

SO ORDERED this 10th day of July, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT