# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JARED BARKLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-cv-00208-HAB-SLC |
| MEDICAL DEPOT, INC., *a Delaware corporation, et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 19, 2019, movant West Bend Mutual Insurance Company ("West Bend") filed a petition to intervene in this case under Federal Rule of Civil Procedure 24(a) and enforce its workers' compensation lien. (DE 64). No party has responded to the petition, and the time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). Therefore, apparently the parties have no objection to West Bend's petition to intervene.

On August 9, 2019, the Court directed West Bend to file an amended petition to correct certain deficiencies and to address how granting it leave to intervene would affect diversity jurisdiction in this case. (ECF 68). West Bend filed the amended petition on August 19, 2019. (ECF 69). The amended petition satisfies the Court that diversity jurisdiction would not be destroyed by allowing West Bend to intervene.

*A. Factual and Procedural Background*

Plaintiff alleges that on or about May 17, 2017, he sustained severe injuries to his right hand as a result of riding a scooter designed and manufactured by Defendants. (ECF 49 ¶¶ 14, 15).

On July 3, 2018, Plaintiff filed this suit against Defendants on the basis of diversity jurisdiction, advancing product liability and negligence claims. (ECF 1). On September 17, 2018, this Court conducted a preliminary pretrial conference, setting the following deadlines: December 1, 2018, for seeking leave to amend the pleadings; May 1, 2019, for Plaintiff's expert disclosures; June 15, 2019, for Defendants' expert disclosures; and September 1, 2019, for the completion of all discovery. (ECF 24). With leave of Court, Plaintiff filed a first amended complaint on November 21, 2018, and a second amended complaint on February 14, 2019. (ECF 34, 49).

On July 11, 2019, West Bend filed a petition to intervene in this case, which it amended on August 19, 2019. (ECF 64, 69). West Bend alleges that as a result of the accident, Plaintiff made a workers' compensation claim with his employer, to which West Bend had issued a workers' compensation insurance policy. (ECF 69 ¶¶ 3, 6). West Bend alleges that pursuant to that insurance policy, West Bend has paid and continues to pay workers' compensation benefits in excess of $75,000 to Plaintiff for the damages he sustained in the May 17th incident, that it maintains a workers' compensation lien for such amount, and that its right to intervene in this suit is supported by Indiana Code § 22-3-2-13. (ECF 69 ¶¶ 6-8). West Bend contends that disposing of this action would impair its ability to protect its workers' compensation lien, and that no party in this suit adequately represents West Bend's interest. (ECF 69 ¶ 10).

### B. Analysis

Federal Rule of Civil Procedure Rule 24(a) provides for intervention as of right. To do so, the petitioning party must show: (1) "timeliness"; (2) "an interest relating to the property or transaction which is the subject of the action"; (3) that "the applicant [is] so situated that the

disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) that "existing parties [are] not . . . adequate representatives of the applicant's interest." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000) (citations omitted).

Here, West Bend does not explain why it waited 12 months after Plaintiff filed this suit to seek to intervene, but no party asserts that it would be prejudiced by this delay. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (finding that a delay of 19 months from the time the suit was filed to the time intervention was sought was not untimely); *Williams v. Am. Equip. & Fabricating, Corp.*, No. 09-1168, 2010 WL 1881998 (C.D. Ill. May 10, 2010) (same). Furthermore, West Bend indicates that the upcoming discovery deadline would not be impacted because it would not be actively participating in discovery. (ECF 69 ¶ 11).

As to the second element, it is clear that West Bend has an interest in this litigation as "[it] ha[s] paid money related to the injury which is the subject of this action." *Payne v. U.S. Coating Eng'rs*, No. 87 C 10805, 1990 WL 7141, at *1 (N.D. Ill. Jan. 23, 1990).

With respect to the third element, although both Plaintiff and West Bend have a shared interest in recovering money from Defendants, West Bend's interests are still potentially impaired. To explain, West Bend's interest is limited to its lien amount, which could constitute only a portion of Plaintiff's possible economic recovery. *See Williams*, 2010 WL 188998, at *3. Accordingly, "[t]he risk that [West Bend's lien amount] could be neglected or discounted is very real." *Id.* Also, West Bend's lien represents what it has already paid to Plaintiff. "Because [he] has already received these amounts, [Plaintiff] has no financial motivation to expend any effort recovering them for the benefit of [West Bend]." *Id.*; *see also Payne*, 1990 WL 7141, at *1

("Since Wausau has an interest in recovering any money it has paid out which may be awarded to Payne by reason of this lawsuit, failure to allow intervention may impair Wausau's ability to protect its interest in money paid to Payne on behalf of Consolidated.").

Finally, no party has objected to West Bend's contention that its interests are not adequately represented by a party. *See id.* Accordingly, West Bend has satisfied all four elements, and thus, is entitled to intervene as of right. West Bend's amended petition to intervene will be granted.

*C. Conclusion*

For the foregoing reasons, the Court GRANTS West Bend's amended petition to intervene. (ECF 69). West Bend is AFFORDED to and including September 3, 2019, to file its Intervening Complaint (ECF 69-1).

SO ORDERED.

Entered this 27th day of August 2019.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge